## THE TANGIER.

### SOCIETA ANONIMA AGRUMARIA DE NAVIGAZIONE DI PALMERO *v.* ANGIER *et al.*

*(District Court, S. D. New York.  December 27, 1890.)*

**SHIPPING—DELIVERY OF FRUIT CARGO—SHORTAGE—ASSESSMENT OF DAMAGES—AVERAGE VALUE.**

Upon a shortage in the delivery of a cargo of fruit, consisting of boxes of many grades, of different values, the libelant is entitled to the value of the particular grade to which his fruit belonged, if the grade of the missing fruit is identified. In this case, its grade not being established by any marks or numbers, through the failure of the bills of lading to specify the marks and numbers by any binding agreement, the custom of merchants was adopted of giving the average value per box of the whole cargo.

In Admiralty.  Libel for damages for non-delivery of part of a cargo of oranges and lemons.  Assessment of damages.  For former report, see 32 Fed. Rep. 230.

*Ullo, Ruebsamen & Hubbe*, for libelants.

*Butler, Stillman & Hubbard*, for respondents.

BROWN, J.  I cannot find, upon the record and the testimony, that the commissioner's report on damages is erroneous.  The amount to be charged for customary commissions should, I think, be determined with reference to what had been previously fixed by a combination of the most important importing lines as being the most probable intention of the parties.  As respects the shortage, I have no doubt, from the testimony, as well as from the rule of law, that, although where some boxes of fruit are missing through the steamer's fault she must respond for their value according to the grade and market value of the particular line to which the missing boxes belong, in case they are identified as belonging to any particular grade, yet, in order to have the benefit of this classification, such identification must be clearly established.  When it is not established, through the great practical difficulty of procuring legal evidence, the average value per box of the whole cargo is the rule customarily adopted among the merchants, and may be followed by the law.  In the present case there was no such identification in regard to the 54 missing boxes.  Although Mr. Bonanno in some parts of his testimony seemed to indicate a certain number of boxes as belonging to certain grades, I regard his subsequent testimony and his cross-examination as showing that he had no positive knowledge on the subject.  He finally declared expressly that neither he nor any other person could tell without papers that he did not have.  The record does not show any suppression of evidence on the respondents' part.  To constitute suppression there must be either the destruction of evidence, or the non-production of it after call on reasonable notice.  In the present case there is no evidence of either.  The record and the minutes of the proceedings do not show any call for the particulars of the sale of the boxes made by

the ship, or the marks and numbers of what was sold; and even these marks and numbers, if they had been called for and produced by the respondents, would have proved nothing, except upon further proof by the libelants of the marks and numbers of the boxes shipped, and there was no evidence of these. Doubtless great practical difficulty will often arise in the adjustment of claims for robbed or missing boxes, when fruit is shipped abroad, and bills of lading are given for it, without any definite agreement as to the marks and numbers of boxes shipped, or any binding recognition of the particular marks and numbers in the bill of lading. The desirableness of mutual accommodation at the port of delivery in such cases, by means of satisfactory security given and accepted to answer for differences and apparent losses, is manifestly extreme; but the law cannot impose arbitrary terms for the adjustment of difficulties that the parties by a loose and rapid method of business, for for their own convenience, at the port of shipment, may ultimately bring upon themselves at the port of discharge. In such cases, if the parties cannot agree upon mutual accommodation, the result can only be mutual injury.

As regards the net proceeds of sale, if not agreed upon, a further reference may be taken. It should have been included in the former order. In other respects, the report is confirmed.